UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY BACON, *et al.*,

   Plaintiffs,

v.

EATON AEROQUIP, L.L.C.

   Defendant.

_____/

Case No.11-14103
Hon. Lawrence P. Zatkoff

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 20, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Conditional Certification of Collective Action, Disclosure of Contact Information for Potential Opt-in Plaintiffs, and to Send Court-Approved Notice [dkt 9]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Plaintiffs' motion is DENIED.

### II. BACKGROUND

On September 20, 2011, Plaintiff Jeffrey Bacon filed this action on behalf of former, current, and future employees of Defendant Eaton Aeroquip, L.L.C. ("Eaton")[1], complaining that Defendant engaged in a pattern or practice of unlawful conduct resulting in the violation of Plaintiffs' rights under the Fair Labor

---

[1] Plaintiff originally sued "Eaton Corporation," which the parties determined to be the incorrect Defendant. The parties have since resolved this issue and Eaton Aeroquip, L.L.C. has been added as the correct Defendant.

Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff Bacon's original complaint was subsequently amended to add Steve Hebb, Dennis Wilson, Amro Saadeldin, Derek Kyro, Norm Haygood, and Timothy Baynes as Plaintiffs. Plaintiffs are or were employed by Defendant at its plant located in Jackson, Michigan ("Jackson Plant").

According to Plaintiffs, all "former and current salaried shift supervisors and/or lower-level management employed by Defendant" since September 20, 2009, were subjected to a common policy that violated the FLSA. Plaintiffs claim that the violating policy involved Defendant's misclassification of former shift supervisors (which Plaintiffs claim to be), and all similarly situated individuals, as "exempt" employees not subject to the FLSA's overtime requirements.

As such, Plaintiffs are seeking: (1) conditional certification of a collective action for unpaid overtime wages under the FLSA; (2) an order directing Defendant to provide the names, addresses, telephone numbers, social security numbers, and dates of birth of the class members; and (3) court-supervised notice to the class members. Plaintiffs have defined the proposed class as:

> All former and current salaried shift supervisors and/or lower-level management employed by Defendant anytime within the three (3) chronological years immediately preceding September 20, 2011, and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

*See* Dkt. 9, at 3.

### III. LEGAL STANDARD

The FLSA provides that an action may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts generally follow a two-stage certification method to determine whether a case should proceed as a "collective action" under the FLSA. *See Olivio v. GMAC Mortgage Corp.*, 374 F. Supp. 2d 545, 547–48 (E.D. Mich. 2004); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). Under the first step, called the "notice stage," the Court only determines whether there are other "similarly situated"

plaintiffs who may be entitled to notice and an opportunity to "opt-in" to the class action. *Hipp*, 252 F.3d at 1218. At this stage, Plaintiffs need only make "a modest factual showing sufficient to demonstrate that [they] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Olivio*, 252 F. Supp. 2d at 548 (citation omitted). The second stage occurs after other plaintiffs have opted into the class and further discovery has been conducted. *See id.* At the second stage, the Court determines whether the claimants are similarly situated under § 216(b), and if they are not, decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.*

In deciding whether to grant a plaintiff's motion for conditional certification, the Court must determine whether the plaintiff has shown that there are other plaintiffs who are "similarly situated." *Wheeler v. City of Detroit*, 2012 WL 1119300 at *3 (E.D. Mich. April 3, 2012). The FLSA, however, does not define the term "similarly situated" under § 216(b). The Sixth Circuit has held "that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all plaintiffs." *O'Brien v. Ed Donnelly Enterprises, Inc.,* 575 F.3d 567, 585 (6th Cir. 2009). The Sixth Circuit has further held that plaintiffs are similarly situated when "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.*

## IV. ANALYSIS

The Court declines to conditionally certify this case as a collective action, as Plaintiffs have failed to show that the purported class comprises individuals that are "similarly situated."

Plaintiffs' Motion sought conditional certification of a nationwide class, consisting of putative class members from Defendant's plants across the country. Yet, Plaintiffs have presented no support for violations beyond those alleged to have occurred at the Jackson Plant and involving the named Plaintiffs. Rather, Plaintiffs allege only generally that Defendant's policies and practices "represent nationwide policies and practices imposed by Defendant upon all of its employees similarly situated to Plaintiff." Dkt. 9 at 19.

-3-

To support this conclusion, Plaintiffs cite to their affidavits. *See id.* Yet, none of Plaintiffs' affidavits reference any plant or location other than the Jackson Plant. The only evidence of a nationwide, uniform policy Plaintiffs offer is the vague, noncommittal statement that appears in each of their affidavits: "It is my personal knowledge that [Defendant's] . . . policy of misclassification was intentionally and uniformly enforced against all low-level 'supervisors' at my location, *which I as* [sic] *understood was the same company-wide*." *See, e.g.*, Dkt. 9, exhibits (emphasis added).

Such a statement, however, is insufficient to satisfy Plaintiffs' burden of showing the existence of a nationwide class purportedly subjected to the same FLSA-violating policy. *See, e.g.*, *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir.1983) (finding that "unsupported assertions that FLSA violations were widespread" do not satisfy plaintiff's burden of showing that class members were victims of a single decision, policy or plan). *See also Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F. Supp.2d 957, 961 (W.D. Mich. 2009) ("In the FLSA context, even though the proofs as to any one plaintiff may be individualized and distinct, courts have consistently required the plaintiffs to show that the class members were together the victims of 'a single decision, policy, or plan' before they will certify a collective action.") (citations omitted). Plaintiffs offer nothing to establish that they had any personal knowledge that the alleged policy in question was the same with respect to all "low-level supervisors" in all of Defendant's plants across the country. In fact, Plaintiffs' conclusory statement does not even assert *conclusively* that the policy was the same across the country, noting instead that policy was the same "as [they] understood" it. Plaintiffs neither provide any relevant facts or assertions to support such an understanding, nor do they indicate how or why they came to have such an understanding

As such, Plaintiffs' have failed to present any factual support for a class outside of the Jackson Plant and are thus not entitled to a nationwide collective action against Defendant. Plaintiffs' proposed nationwide class must therefore be denied.

## V. CONCLUSION

Accordingly, it is HEREBY ORDERED that Plaintiffs' Motion for Conditional Certification of Collective Action, Disclosure of Contact Information for Potential Opt-in Plaintiffs, and to Send Court-Approved Notice [dkt 9] is DENIED.

IT IS SO ORDERED.

Date:  September 20, 2012

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE
