UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY BACON, *et al.*,

    Plaintiffs,

v                                                Case No. 11-CV-14103
                                                Hon. Gershwin A. Drain

EATON AEROQUIP, LLC,

    Defendant.
_____/

**<u>ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR CONDITIONAL
CERTIFICATION OF COLLECTIVE ACTION, FOR DISCLOSURE OF CONTACT
INFORMATION FOR POTENTIAL OPT-IN PLAINTIFFS, AND TO SEND COURT-
APPROVED NOTICE [#47]</u>**

**I.    INTRODUCTION**

Presently before the Court is Plaintiffs' Renewed Motion for Conditional Certification of Collective Action, for Disclosure of Contact Information for Potential Opt-In Plaintiffs, and to Send Court-Approved Notice, filed on October 29, 2012. In the present motion, Plaintiffs move for class certification consisting of the following persons:

> All former and current salaried shift supervisors and/or lower-level management employed by Defendant at Defendant's facility located at 300 South East Avenue, Jackson, Michigan 49203 anytime after September 20, 2008.

*See* Plfs.' Mot. at 3. Plaintiffs also seek an order compelling Defendant to produce the full names, aliases, and last date(s) of employment of all potential putative class members, and the last known work and home physical and email addresses of the class members employed by Defendant at any time from three years preceding the filing of the original Complaint. Lastly, Plaintiffs request that the Court permit them a period of sixty (60) days to distribute the notices and file opt-in Plaintiffs'

consent forms with the Court.[1]

Defendant filed a Brief in Opposition to Plaintiffs' pending motion on November 20, 2012. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the disposition of this matter, therefore the motion will be resolved on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court denies Plaintiffs' Renewed Motion for Conditional Certification of Collective Action, for Disclosure of Contact Information for Potential Opt-In Plaintiffs, and to Send Court-Approved Notice.

## II. PROCEDURAL BACKGROUND

On September 20, 2011, Plaintiff Jeffrey Bacon, filed the instant action for overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") against Defendant, Eaton Corporation.[2] On June 5, 2012, the Court conducted a scheduling conference and on June 8, 2012, the Court entered a Scheduling Order providing for a discovery deadline of December 7, 2012. *See* Dkt. No. 37. Since the filing of the original complaint, Plaintiffs have filed numerous amended pleadings, and the Court recently granted Plaintiff's Motion for Leave to File Fourth Amended Complaint. *See* Dkt. No. 48. Presently, the named Plaintiffs in this action include Jeffrey Bacon, Steve Hebb, Norm Haygood, Amro Saadeldin, Timothy Baynes and Michelle Dixon. Plaintiffs and the proposed putative class members were all employed as shift supervisors and/or low level management at Defendant's facility located in Jackson, Michigan. Plaintiffs maintain that

---

[1] In a different paragraph, Plaintiffs request ninety (90) days to provide notice and file the written consent forms with the Court. *Id.* at 4.

[2] Plaintiffs originally incorrectly named Eaton Corporation, however in their Second Amended Complaint they substituted Eaton Aeroquip LLC for Eaton Corporation. *See* Dkt. No. 24.

Defendant engaged in a singular, common policy and practice of violating the FLSA by classifying Plaintiffs as exempt under 29 U.S.C. § 216 in order to deny Plaintiffs the statutory minimum and overtime wages as required under the Act.

On September 20, 2012, this Court denied Plaintiffs' Motion for Conditional Certification of Collective Action finding that "Plaintiffs have failed to show that the purported class comprises individuals that are 'similarly situated.'" *See* Dkt. No. 43 at 3. The Court's September 20, 2012, Order further stated:

> Plaintiffs have provided no support for violations beyond those alleged to have occurred at the Jackson Plant and involving the named Plaintiffs. Rather, Plaintiffs allege only generally that Defendants' policies and practices represent nationwide polices and practices imposed by Defendant upon all of its employees similarly situated to Plaintiff. To support this conclusion, Plaintiffs cite to their affidavits. Yet, none of Plaintiffs' affidavits reference any plant or location other than the Jackson Plant. The only evidence of a nationwide, uniform policy Plaintiffs offer is the vague, noncommittal statement that appears in each of their affidavits: "It is my personal knowledge that [Defendant's] . . . policy of misclassification was intentionally and uniformly enforced against all low-level 'supervisors' at my location, which I as [sic] understood was the same company-wide." Such a statement, however, is insufficient to satisfy Plaintiffs' burden of showing the existence of a nationwide class purportedly subjected to the same FLSA-violating policy.
>
>        *          *         *
>
> Plaintiffs offer nothing to establish that they had any personal knowledge that the alleged policy in question was the same with respect to all "low level supervisors" in all of Defendant's plants across the country. In fact, Plaintiffs' conclusory statement does not even assert conclusively that the policy was the same across the country, noting instead that [the] policy was the same "as they understood" it. Plaintiffs neither provide any relevant facts or assertions to support such an understanding, nor do they indicate how or why they came to such an understanding.

*Id.* at 3-4 (internal citations omitted). Thereafter, on October 29, 2012, Plaintiffs filed their Renewed Motion for Conditional Certification of Collective Action arguing that "Plaintiffs

understand that their request for a nationwide class was erroneous because the evidence contained in Plaintiffs' Motion for Certification did not support a nationwide class, but rather would only support a more limited class." *See* Plfs.' Mot. at 2-3. Thus, Plaintiffs seek conditional certification of all shift supervisors and low-level management employed at Defendant's Jackson plant.

## III.   LAW & ANALYSIS

Section 207(a) of the FLSA requires employers to pay time-and-a-half for employee labor in excess of forty hours per week. *See* 29 U.S.C. § 207(a). Employees can sue in their own behalf and for "similarly situated" persons. *See* 29 U.S.C. § 216(b). There are two requirements for a collection action: (1) the plaintiffs must be "similarly situated," and (2) all plaintiffs must file written consent to participate in the action. *Id.* In determining whether to certify a collective action or to authorize notice to potential opt-in plaintiffs, many courts utilize a two-stage certification process to determine whether opt-in plaintiffs and lead plaintiffs are similarly situated. *O'Brien v. Ed Donnelly Enterprises, Inc*., 575 F.3d 567, 583 (6th Cir. 2009).

During the initial stage, courts employ a "fairly lenient standard for determining whether the plaintiffs are similarly situated, based solely on the pleadings and affidavits that have been filed." *Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F. Supp. 2d 957, 959 (W.D. Mich. 2009); *see also Harris v. FFE Transportation Services*, Inc., No. 3:05-cv-007-P, 2006 U.S. Dist. LEXIS 51437, *7 (N.D. Tex. May 15, 2006) ("At the initial stage, a court ordinarily possesses 'minimal evidence' and is thus instructed to apply a lenient standard in determining whether to conditionally certify.") At this stage, which occurs at the beginning of discovery, the plaintiff must show that "his position is similar, but not identical, to the positions held by the putative class members." *Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 546-47 (6th Cir. 2006). If the court grants collective action certification

at this stage, "the certification is conditional and by no means final." *Id.* at 546.

"At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Id*. at 547. Using the more rigorous standard at the second stage, "[d]istrict court have based their final-certification decisions on a variety of factors, including the 'factual and employment settings of the individual plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, and the degree of fairness and procedural impact of certifying the action as a collective action.'" *O'Brien*, 575 F.3d at 584; *Harris*, 2006 U.S. Dist. LEXIS 51437, at *7 ("[W]here the parties have had the opportunity to conduct discovery on the issue of certification, the similarly situated inquiry is more stringent. Courts generally consider the evidence submitted and the two-step inquiry collapses into one."). In *Harris*, the district court concluded that it was appropriate to use the second stage of the analysis because the parties had over seven months to conduct discovery on the certification issue. *Harris*, 2006 U.S. Dist. LEXIS 51437, at *8-9.

Plaintiffs maintain that this case is in the "notice" stage, thus the question of the propriety of certification is subject to the more lenient standard based on the pleadings and affidavits. They claim that they have adequately demonstrated that they and the other putative plaintiffs are similarly situated because they all were shift supervisors or low-level management subject to the same FLSA-violating policy of misclassification. In support of their present motion, Plaintiffs resubmitted the affidavits filed in support of their original Motion for Conditional Certification, as well as a supplemental affidavit from Plaintiff Bacon.

Defendant opposes conditional certification at this stage in the proceedings because Plaintiffs "have not met their heightened burden of providing evidence that all the Jackson plant supervisors

were "similarly situated." The Court agrees that this matter is beyond the initial stage, necessitating a more exacting review of Plaintiffs' factual support for granting class certification. Here, Plaintiffs have engaged in at least four months of discovery. The discovery deadline is December 7, 2012 and dispositive motions are due on December 28, 2012. "Where the plaintiffs have been afforded discovery on the issue of whether or not the action should proceed as a collective action, courts typically apply a more restrictive, but still lenient standard, requiring the plaintiffs to demonstrate at least "modest" factual support for the class allegations in their complaint." *Pacheco*, 671 F. Supp. 2d at 960. Thus, the Court should have some evidence before it demonstrating a widespread discriminatory policy. Here, Plaintiffs have failed to meet their burden.

In support of their present motion, Plaintiffs merely rely on the conclusory, identical statements in their affidavits submitted in support of their original motion. The only new evidence Plaintiffs provide to the Court is the supplemental affidavit of Plaintiff Bacon, wherein Plaintiff Bacon states "[b]ased on my personal observations of the number of individuals employed as a shift supervisor (or other similar position regardless of how titled), and the amount of turnover of such employee, I would estimate that the number of putative plaintiffs that qualify for the class proposed by Plaintiffs herein contains between fifteen and thirty individuals." *See* Plfs.' Mot., Ex. C. All of the named Plaintiffs' affidavits allege that "[f]rom what I observed while working at Eaton Corporation, my experience is identical to that of other low-level 'supervisors' at Eaton, including Plaintiffs and those similarly situated." *See* Dkt. No. 9, Aff. of Jeffrey Bacon, ¶ 7, Aff. of Amro Saadelin, ¶ 7, Aff. of Steve Hebb, ¶ 7, Aff. of Dennis Wilson, ¶ 7, and Aff. of Norm Haygood, ¶ 7. As this Court's September 20, 2012 Order correctly held, conclusory "allegations that 'simply state that [Plaintiffs] believe other workers were discriminated against in similar ways . . . [do] not satisfy

the movant's [Rule] 216(b) burden." *Harris*, 2006 U.S. Dist. LEXIS 51437, at *13; *see also Haynes v. Singer Co., Inc*., 696 F.2d 884, 887 (11th Cir. 1983).

Furthermore, the Court concludes that the contradictions between Plaintiff Bacon's and Hebb's affidavits and their self-assessments contained in their performance evaluations renders collection action treatment inappropriate. For instance, in paragraph seven of Plaintiff Bacon's affidavit, he states: "Although I was supposed to be a 'supervisor,' I was never allowed to hire or fire, nor to have any meaningful input in the hiring, firing, promotion, demotion or rate of pay of a single employee at Eaton Corporation." *See* Dkt. No. 9, Aff. of Jeffrey Bacon, ¶ 7. However, in Bacon's 2010 Self-Assessment, he describes his authority over the employees he supervised, indicating that his decisions affected employees' bottom line, or overtime pay. *See* Dkt. No. 19, Ex. 2 at 20 ("I tried to build the trust and credibility, but when you discipline Union EEs like I have and push the envelope to change the culture and improve the productivity–affecting people's bottom line (overtime)–you tend to not get trust or credibility.") Bacon further declared in his affidavit that he did not maintain or use production or sales reports in his role as a shift supervisor. *See* Dkt. No. 9, Aff. of Jeffrey Bacon, ¶ 9. However, in his 2010 Self-Assessment, he described that he analyzed complex plant production numbers in order to transfer employees, improve customer deliveries and production. *See* Dkt. No. 19, Ex. 2 at 10 ("Under my own initiative, after verifying loads/queues in my areas, I would regularly transfer EEs to other areas of the Plant that had greater need. I did this for two reasons. First, to help the other areas and improve our deliveries to the Customer. Second, to maintain/improve productivity in my own areas.").

Similarly, Plaintiff Hebb's affidavit states that he "did not maintain or use production or sales reports in his role as a shift supervisor. *See* Dkt. No. 9, Aff. of Steve Hebb. Hebb's 2010 Self-

Assessment states in relevant part: "I have definitely challenged my group this year to hit their demand numbers each week. I have communicated clear expectations and provided them with the necessary tools to get the job done. I ... give them honest praise for the good job they do each day." *See* Dkt. No. 19, Ex. 4 at 2.

Here, similar to the circumstances in the *Harris* and *Pacheco* cases, the contradictions between the Plaintiffs' affidavits and other record evidence suggests that a highly individualized inquiry will be required to determine whether each Plaintiff was improperly classified as exempt under the FLSA. See *Harris*, 2006 U.S. Dist. LEXIS 51437, at *13-14; *Pacheco*, 671 F. Supp. 2d at 965 ("The Court is concerned about the contradictions between Plaintiffs' affidavits and their deposition testimony, because they show the importance of cross-examination of each plaintiff and suggest the need for separate mini-trials to resolve each individual's claim.") *Id*. (internal quotations omitted). Thus, the Court finds that Plaintiffs have failed to present "modest" factual support demonstrating that they and the putative class members are "similarly situated."

## IV. CONCLUSION

For the reasons articulated above, Plaintiffs' Renewed Motion for Conditional Certification of Collective Action, for Disclosure of Contact Information for Potential Opt-In Plaintiffs, and to Send Court-Appointment Notice [#47] is DENIED.

SO ORDERED.

Dated: December 17, 2012.　　　　　　　　　　　　　　s/Gershwin A. Drain  
　　　　　　　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN  
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge