UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY BACON, *et al.*,

        Plaintiffs,

                                 Case No. 11-cv-14103
                                 Honorable Gershwin A. Drain

v.

EATON AEROQUIP, LLC,

        Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT [#99], AND DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [#101]

## I. INTRODUCTION

On September 20, 2011, Plaintiff Jeffrey Bacon, filed the instant action for overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") against Defendant, Eaton Aeroquip, LLC.  On November 2, 2011, a group of Plaintiffs led by Mr. Bacon filed Plaintiffs' Fourth Amended Complaint [#49], alleging that Defendant improperly classified them as exempt under the FLSA's bona-fide executive exemption because Plaintiffs asserted they had no authority to hire, discipline, or fire employees or otherwise influence personnel decisions.  In this action, Plaintiffs seek to recover their lost overtime compensation, as well as liquidated damages for Defendant's alleged willful violation of the FLSA.

Presently before the court is Plaintiffs' Renewed Motion for Partial Summary Judgment Regarding the Fluctuating Workweek Method of Calculating Damages and Statutory Limitations Period [#99], and Defendant's Motion for Partial Summary Judgment [#101].  This matter is fully briefed and a hearing was held on September 30, 2014.  For the reasons that follow, the

Court will **GRANT** Plaintiffs' Motion for Partial Summary Judgment with respect to the fluctuating work week method of calculating damages, and **DENY** Defendant's Partial Motion for Summary Judgment with respected to liquidated damages.  The Court will **DENY** both parties' Motions with respect to the statute of limitations period, and **DENY** Defendant's Motion with respect to the dismissal of the claims of Plaintiff Dixon.

## II. FACTUAL BACKGROUND

Plaintiffs are former front-line supervisors at Defendant's aerospace manufacturing plant located in Jackson, Michigan.  Defendant's plant manufactures critical components for military and commercial aircraft.  Plaintiffs Bacon, Hebb, Saadeldin, and Baynes were Production Supervisors at the plant; Plaintiffs Wilson, Kyro, Haygood, and Dixon were Logistics Supervisors.  The plant is unionized and subject to a collective bargaining agreement (" CBA").

At the time this action was filed in September of 2011, the plant employed more than five hundred people and fifteen supervisors, who annually earned approximately $55,000.00 to $75,000.00.  Production supervisors directed the work of between twenty to thirty employees and were responsible for managing particular departments such as the Bend, Joining, Standard, Complex Hose, and Specialty Coupling departments. Logistics supervisors directed the work of twenty to forty employees and were responsible for managing specific departments to ensure the supply of materials necessary to manufacture and ship the aircraft parts.

On May 30, 2013, this Court dismissed this action and issued an Opinion and Order [#89] granting Defendant's Motion for Summary Judgment [#73], and denying Plaintiffs' Motion for Partial Summary Judgment [#72] as moot.  In reaching that Decision this Court found that Plaintiffs could not show a genuine issue of material fact existed as to their FLSA claims because the Court found that the Plaintiffs were employed in a bona-fide executive capacity, and

therefore exempt from FLSA's overtime provisions.  As a result of this Court's decision, this Court did not address all of the parties' arguments, and reached neither the issue of the applicability of the fluctuating workweek method of calculating damages nor the applicability of the three-year statute of limitations.

The Sixth Circuit disagreed with this Court and held that, based upon the record; a reasonable jury could find that Plaintiffs did not have sufficient influence over personnel decisions to be classified as exempt executives.  The Sixth Circuit remanded the action to this Court on May 1, 2014, and pursuant to the Sixth Circuit's mandate this Court reopened the case on June 16, 2014 [#96].  Plaintiffs filed their Renewed Motion for Partial Summary Judgment Regarding the Fluctuating Workweek Method of Calculating Damages and Statutory Limitations Period [#99] on July 1, 2014.  Defendant filed a Motion for Partial Summary Judgment [#101] on July 2, 2014.

### III. LAW & ANALYSIS

A.   **Standard of Review**

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

-3-

one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.,* 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

**B.      Legal Analysis**

**1.   Plaintiffs' Partial Motion for Summary Judgment**

    **a.   The Fluctuating Workweek is Inapplicable Due to Hours Based Bonuses**

Pursuant to the FLSA, the maximum regular workweek for nonexempt employees is forty hours.  *See* 29 U.S.C. § 207(a)(1).  For workweeks that exceed forty hours, the FLSA specifies that nonexempt employees are entitled to overtime pay for hours worked beyond that number "at a rate not less than one and one-half times the regular rate" of pay. *Id.*  Employers who violate the FLSA's overtime provisions by failing to appropriately compensate employees may be liable for payment of both unpaid overtime wages and an equivalent amount of liquidated damages. *See* 29 U.S.C. § 213(b).

Four years after the passage of the FLSA, the Supreme Court authorized an alternate method for the calculation of overtime compensation that may be used when an "employment contract is for a weekly wage with variable or fluctuating hours." *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942), *superseded on other grounds by statute,* 29 U.S.C. § 260, *as recognized in Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 128 n.22, 105 S.Ct. 613, 625 n. 22, 83 L.Ed.2d 523 (1985).  This method has become known as the "fluctuating workweek method" ("FWW") of overtime payment; and, has also "been incorporated into an interpretive rule promulgated by the Department of Labor [("DOL")]." *Urnikis–Negro v. Am. Family Prop. Servs.,* 616 F.3d 665, 675 (7th Cir. 2010) (citing 29 C.F.R. § 778.114); *see also Highlander v. K.F.C. Nat. Mgmt. Co.,* 805 F.2d 644, 647 (6th Cir. 1986) ( "[T]he fluctuating work week method of overtime payment [is] authorized under 29 C.F.R. § 778.114.").

The DOL issued 29 C.F.R. § 778.114 ("Section 778.114"), as an interpretive rule in 1968 to clarify how and when employers could use the "half-time" method from *Missel*.  This court has relied on Section 778.114, to find that the FWW "weekly salary is divided by the number of hours worked in a particular workweek—including hours worked over forty, if any—to calculate the 'regular rate.' " *Dorsey v. TruGreen Ltd. P'ship*, No. 13-10412, 2013 WL 6048999, at * 8 (E.D. Mich. Nov. 15, 2013) (citing 29 C.F.R. § 778.114(a)).  Further this Court has recognized that "[a]n additional payment for any hours worked over 40 is then made at one-half this regular rate 'because such hours have already been compensated at the straight time regular rate, under the salary arrangement.' " *Id.* (citing 29 C.F.R. § 778.114(a)).

This Court has also noted that "[u]se of the FWW method does not result in paying half-time for overtime hours; rather, it permits an employer to apply the weekly salary to the overtime hours as part of the time-and-a-half overtime rate." *Id.*  "Thus, employees with fluctuating-hour contracts are entitled only to additional half-time pay." *Stultz v. J.B. Hunt Transp., Inc.*, No. 13-CV-13705, 2014 WL 3708807, at *3 (E.D. Mich. July 28, 2014) (citing 29 C.F.R. § 778.114; *Missel,* 316 U.S. at 572; *Bumpus v. Cont'l Baking Co.,* 124 F.2d 549, 553 (6th Cir.1941)).

Section 778.114 requires that four conditions be met in order for an employer to apply the FWW: (1) the employee's hours must fluctuate from week to week; (2) the employee must receive a "fixed weekly salary" that does not vary based on the number of hours worked during the week; (3) the fixed salary must provide compensation at a regular rate that is not lower than minimum wage; and (4) there must be a "clear mutual understanding" among the parties that the fixed salary is compensation (apart from overtime premiums) for all hours worked each workweek, whatever their number. *See Dorsey*, 2013 WL 6048999 at *8 (citing 29 C.F.R. § 778.114(a), (c)).

-6-

Here, there appears to be no dispute regarding the satisfaction of requirements (1) and (3) of Section 778.114. However, the parties do dispute the satisfaction of requirements (2) and (4) of Section 778.114, which require that the employee receive a "fixed weekly salary," and a "clear mutual understanding" among the parties that the fixed salary is compensation.

According to Defendant: "To the extent a jury finds that [Plaintiffs] were misclassified, the proper measure of damages is the 'half-time' overtime premium announced by the Supreme Court in [*Missel*]" Dkt. No. 104 at 3. Defendant argues that Plaintiffs are not entitled to summary judgment regarding the FWW because the Plaintiffs' salaries did not vary. *See id.* at 7. Further, Defendant contends that this Court can infer that a clear and mutual understanding existed between the parties as a matter of law and fact. *Id.*

To the contrary, Plaintiffs argue that they did not receive a "fixed salary," and that the parties lacked the requisite clear and mutual understanding for the applicability of the FWW method. Dkt. No. 99 at 4. The Plaintiffs specifically argue that they did not receive a "fixed salary" because they received shift premium payments and non-discretionary bonuses. *Id.* Accordingly, given the facts, Plaintiffs contend that they are entitled to summary judgment, and that the FWW method does not apply in this case because the requirements for the FWW cannot be met. *Id.* at 14-15.

The Court will agree with the Plaintiffs because, per the facts, the Court need not reach the dispute regarding non-discretionary bonuses, as it appears that the Plaintiffs were entitled to an hours-based bonus, which, as discussed below, courts have generally held to be incompatible with the FWW.

On April 5, 2011, the DOL issued what it termed a "Final Rule," effective May 5, 2011 after receiving comments on various regulatory proposals regarding, amongst other things,

proposed revisions to Section 778.114. *See* 76 Fed.Reg. 18832 (hereinafter, the DOL's "Final Ruling"). The DOL's proposed rule would have added the following language to the end of Section 778.114(a): "Payment of overtime premiums and other bonus and non-overtime premium payments will not invalidate the 'fluctuating workweek' method of overtime payment, but such payments must be included in the calculation of the regular rate unless excluded under section 7(e)(1) through (8) of the [FLSA]." 73 Fed.Reg. at 43670. Simply put, the proposed rule would have stated that an employer's payment of bonuses to an employee did not prevent the employer from using the FWW method to calculate the employee's overtime.

In the DOL's Final Ruling, the DOL adopted some new regulations, but announced that it would not implement the proposed revisions to Section 778.114. The DOL concluded that bonuses and premium payments "are incompatible with the [FWW] method of computing overtime under section 778.114." 76 Fed. Reg. at 18850. According to the DOL, the decision not to implement the proposed changes would avoid "expand[ing] the use of [the FWW] method of computing overtime pay beyond the scope of the current regulation," and "restore the current rule." *Id.*

The United States District Court for the Southern District of New York recently conducted a thorough analysis of the DOL Final Ruling and its effect on hours-based bonuses and the application of the FWW. *See Wills v. RadioShack Corp.*, 981 F. Supp. 2d 245 (S.D.N.Y. 2013). The court in *Wills* provided the following detailed guidance on the state of the legal jurisprudence with regard to hours-based bonuses prior to the DOL Final Ruling:

> Before the DOL issued the Final Ruling, ***almost every court to have addressed the issue had held that paying an employee hours-based, or time-based, bonuses and premiums—such as extra pay for holiday, weekend, or night work-offended § 778.114's requirement of a "fixed weekly salary." See, e.g.,*** [*Ayers v. SGS Control Servs., Inc.*, No. 03 CIV. 9078(RMB), 2007 WL 3171342 (S.D.N.Y. Oct. 9, 2007)] (increased pay for sea-duty, working days off, and working holidays violates the FWW

method's fixed salary requirement); *Brantley v. Inspectorate America Corp.,* 821 F.Supp.2d 879, 890 (S.D.Tex.2011) (same, as to off-shore, holiday and day-off premiums); *Brumley v. Camin Cargo Control, Inc.,* No. 08 Civ. 1798(JLL), 2010 WL 1644066 (D.N.J. Apr. 22, 2010) (same, as to enhanced lump-sum holiday and day-off pay); *Adeva v. Intertek USA,* No. 09 Civ. 1096(SRC), 2010 WL 97991 (D.N.J. Jan. 11, 2010) (same, as to enhanced off-shore, holiday, and day-off pay); *Dooley v. Liberty Mut. Ins. Co.,* 369 F.Supp.2d 81 (D.Mass.2005) (same, as to enhanced lump-sum pay for Saturday work); *O'Brien,* 350 F.3d at 288 (same, as to $10 night-shift differential and extra pay for working more than eight hours or during off-duty time; court held that such pay breached FWW requirement that each police officer be paid a fixed amount "for whatever hours he is called upon to work in a workweek, *whether few or many* ") (emphasis in the original). *But see Aiken v. Cnty. of Hampton, S.C.,* 977 F.Supp. 390 (D.S.C.1997), *aff'd sub nom. Aiken v. Cnty. of Hampton,* 172 F.3d 43 (4th Cir.1998) (defendants did not violate the FWW method by paying plaintiffs extra for working holidays).

*Wills*, 981 F. Supp. 2d at 255-56 (emphasis added).  The court in *Wills* analyzed the Final Rule, and explained that "the context that gave rise to the agency's impulse to issue a clarifying rule as to the FWW solely involved hours-based bonuses[,]" because "[o]nly hours-based bonuses had been held by the courts to preclude use of the FWW method for calculating overtime pay." *Id.* at 259.  The court noted how the DOL originally sought to permit hours-based bonuses, "for working 'undesirable hours,' " which the Court explained "plainly refers to the bonuses for weekend pay, night pay, and holiday pay," which  "as noted, had been widely held inconsistent with the 'fixed weekly salary' requirement." *Id.* (citing 73 Fed.Reg. at 43665).

The court emphasized how the DOL ultimately did not revise Section 778.114, by noting that "the DOL's Final Ruling, closely read, reveals an intention to leave in place the status quo, not to disturb it,  . . . . leaving in place the distinction between hours-based bonuses, which are incompatible with the FWW requirement of a "fixed weekly salary[.]" *Id.* at 262.

When analyzing the DOL's decision to preclude hours-based bonuses from the FWW, the court in *Wills* found that "the reason given in the Final Ruling for precluding use of the FWW where bonuses had been paid is that disparities in a worker's weekly pay should not 'depend [ ] on the particular hours worked.' " *Id.* at 261 (citing 76 Fed.Reg. at 18850).

The court in *Wills* reiterated how "every case cited by the DOL involved hours-based . . . bonuses," and noted that the DOL's reasoning for not changing Section 778.114 hinged on "the same principle under which the courts had overwhelmingly held that § 778.114 forbade the FWW method where hours-based premium pay caused a worker's pay to vary by hours worked." 981 F. Supp. 2d at 261 (citations omitted).  Thus, the court concluded that, "when an employer pays its employees additional money for hours worked during weekends, holidays, or nights, the employees who work such premium hours . . . . cannot be said to receive a 'fixed salary' *regardless of hours worked*[.]" *Id.* at 256 (emphasis in original).

Here, both parties cite *Wills* as persuasive authority with respect to the FWW.  *See*, *e.g.*, Dkt. No. 99 at 9; Dkt. No. 104 at 17; Dkt. No. 106 at 4.  Plaintiffs assert that each Plaintiff either received or were eligible to receive shift premium payments.  Plaintiffs cite a sworn verified statement from Bacon to make this point.  *See* Dkt. No. 99-13 at ¶16 (Bacon's Verified Statement ("V.S.")).  To corroborate this statement, Plaintiffs provide a sampling of Plaintiffs' pay stubs revealing "the variable payment of a shift premium, denoted by the code 'SHIFT PREM' in the far left column of the pay stubs." Dkt. No. 99 at 10 (citations omitted).

After examining Plaintiffs pay stubs, only Plaintiffs, Bacon, Hebb, Haygood, and Saadeldin appear to have received a shift premium. *See* Dkt. No. 99-3 (Bacon stubs); Dkt. No. 99-7 (Hebb stubs); Dkt. No. 99-6 (Haygood stubs); Dkt. No. 99-8 (Saadeldin stubs).   The pay stubs provided for Plaintiffs Wilson, Kyro, Baynes, and Dixon do not indicate that  these Plaintiffs received a shift premium. *See* Dkt. No. 99-9 (Wilson stubs); Dkt. No. 99-4 (Baynes stubs); Dkt. No. 99-5 (Dixon stubs).[1]

To address the fact that every Plaintiff didn't have a shit premium on their pay stubs, Plaintiff contends that "even though some Plaintiffs never worked the shifts that would have

---

[1] No pay stubs were submitted for Plaintiff Kyro.

-10-

entitling [sic] them to the shift premium . . . . [a]t any time, a first-shift day supervisor who was not normally entitled to a shift-premium could have filled-in for the second-afternoon shift supervisor, entitling that supervisor to a shift-premium." Dkt. No. 106 at 8.  Plaintiffs maintain that "Defendant was contractually obligated to make shift premium payments to [all] Plaintiffs if they worked an eligible shift." Dkt. No. 99 at 10 (citing Dkt. No. 99-13 at ¶16).

Defendant contends that the Plaintiffs salary was not variable because "the undisputed testimony of the [Plaintiffs] demonstrates that the assignment to first or second shift was permanent (and, therefore, so was the pay difference)." Dkt. No. 104 at 14 (citing the pertinent portions of individual depositions of each Plaintiff where each Plaintiff indicates that they were assigned to a specific shift).   Accordingly, Defendant argues that this is evidence that the Plaintiffs salary was constant and fixed. *Id.*

The Court agrees with Plaintiffs.  After reading the briefs, the parties appear to be arguing past each other with regard to this issue.  Defendant's argument that the Plaintiffs worked variable hours because they were placed in permanent first and second shifts is not entirely relevant to the shift premium discussion.  Plaintiffs' argument focuses on the fact that supervisors who didn't work different shifts are entitled to shift premiums *even if* they didn't work a different shift.  Assuming that Plaintiffs' assertions are true, Defendant's argument that Plaintiffs didn't work different shifts does not directly address the argument advanced by Plaintiffs.

Plaintiffs' argument still encounters a problem, however, because Plaintiffs rely solely on Mr. Bacon's declaration for the proposition that Defendant was contractually obligated to make shift premium payments to all Plaintiffs.  Looking at the exhibits and briefs, it does not appear that Plaintiffs' motion indicates that Mr. Bacon has personal knowledge with respect to all of the

-11-

Plaintiffs' individual contracts. This is problematic because the individual verified statements provided by the other Plaintiffs make no mention of shift entitlements to shift premium payments. *See generally* Dkt. No. 99-14 (Baynes' V.S.), Dkt. No. 99-15 (Dixon's V.S.); Dkt. No. 99-16 (Haygood's V.S.); Dkt. No. 99-17 (Hebb's V.S.); Dkt. No. 99-18 (Kyro's V.S.); Dkt. No. 99-19 (Saadeldin's V.S.); Dkt. No. 99-20 (Wilson's V.S.).

Accordingly, Plaintiffs' citation to Mr. Bacon's declaration, alone, is inadequate as a matter of law to support a finding of summary judgment with respect to all of the Plaintiffs. *See* Fed. R. Civ. P. 56(e) ("Supporting and opposing affidavits ***shall be made on personal knowledge***, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.") (emphasis added); *see also*, *e.g.*, *Weberg v. Franks*, 229 F.3d 514, 526, n.13 (6th Cir. 2000) ("Although statements in a verified complaint may function as the equivalent of affidavit statements for purposes of summary judgment . . . affidavit statements must be based on personal knowledge.") (internal citations omitted).

Nonetheless, after reviewing the record, Plaintiffs motion prevails based off the CBA provision governing the relationship between Plaintiffs and Defendant. Defendant points out that the Plant is unionized, and that the front line supervisors are subject to a CBA. *See* Dkt. No. 101-5 at ¶¶ 5, 9 (Huffman Declaration). The CBA explains that "[e]mployees working on the second or third shifts will receive night shift premium of Seventy (70) cents per hour before calculations of overtime premiums." Dkt No. 105-14 at 14 (Eaton Aerospace Jackson Plant Collective Bargaining Agreement with UAW Local No. 475). The "Shift Premium" provision of the CBA, represents an hours-based bonus because it provides additional compensation for working certain hours.

-12-

Thus, even though some Plaintiffs did not receive a shift bonus, they were still contractually entitled to hour-based bonuses if they worked the second or third shift as indicated by the CBA.  As discussed, this pay structure has repeatedly been found to be "inconsistent with [Section 778.114's] 'fixed weekly salary' requirement." *Wills*, 981 F. Supp. 2d at 259 (citing 73 Fed.Reg. at 43665).  Accordingly, the Court will **GRANT** the Plaintiffs Motion with respect to the inapplicability of the FWW because under Defendant's pay structure the salary was not fixed due to a contractual provision that entitled Plaintiffs to additional compensation based off the time when hours were worked.

**b.  A Factual Issue Exists as to Whether Defendant's Actions Were Willful**

The statute of limitations for the FLSA is two years for non-willful violations and three years for willful violations.  *See* 29 U.S.C. § 255(a).  A plaintiff that argues the three year statute of limitations is applicable and alleges willful conduct bears the burden of demonstrating " 'that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.' " *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 967 (6th Cir. 1991) (quoting *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L.Ed.2d 115 (1988)); *see also Stultz*, 2014 WL 3708807 at *10 (same).  The term " 'willful' refers to conduct that is 'voluntary,' 'deliberate,' or 'intentional,' and not merely negligent." *McLaughlin*, 486 U.S. at 128; *see also Dole*, 942 F.2d at 967 (explaining that in the Sixth Circuit a violation of the FLSA was willful where undisputed evidence showed that the employer "had actual notice of the requirements of the FLSA by virtue of earlier violations, his agreement to pay unpaid overtime wages, and his assurance of future compliance with the FLSA.") (citation omitted).

Previous regulatory violations coupled with continued FLSA violations are indicative of willfulness, as "[t]he Sixth Circuit has liberally applied the *McLaughlin* standard, repeatedly holding that previous DOL investigations regarding overtime violations are evidence that subsequent FLSA violations are willful." *Byrd v. ABC Prof'l Tree Serv., Inc.,* 832 F.Supp.2d 917, 920–21 (M.D. Tenn. 2011) (discussing *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 964, 967 (6th Cir. 1991), and *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 471 (6th Cir. 1999)).

This Court has been clear that *McLaughlin*'s willfulness standard is met where an employer has actual notice of the FLSA's requirements by virtue of earlier violations, prior agreements to pay unpaid overtime wages, and assurances of future compliance. *Thomas v. Doan Const. Co.,* No. 13-11853, 2014 WL 1405222, at *14 (E.D. Mich. Apr. 11, 2014) (citing *Abadeer v. Tyson Foods, Inc.*, 975 F. Supp. 2d 890, 907 (M.D. Tenn. 2013) (citations omitted)). This Court has stated distinctly that "[a] willful violation requires that the employer acted recklessly, at least; it is not sufficient that the employer acted unreasonably." *Id.* (internal question marks omitted) (citation omitted). The willfulness determination may be made on summary judgment. *See Herman,* 183 F.3d at 472 (approving the district court's finding of willfulness on summary judgment).

Here, Plaintiffs argue that they are entitled to summary judgment in their favor regarding the statute of limitations period due to a willful violation on behalf of Defendant. *See* Dkt. No. 99 at 15. Plaintiffs present a litany of charges set forth in their verified declarations and charge, specifically, that Defendant failed to take any action to inform itself of Plaintiffs numerous and repeated complaints regarding their exemption status. *Id.* Accordingly, Plaintiffs contend that

-14-

"[i]t is indisputable that Defendant's behavior constitutes reckless disregard of whether its behavior violated the FLSA[.]" *Id.*

Defendant, disagrees, and argues that it is entitled to summary judgment on this issue because Defendant asserts that the Plaintiffs failed to meet their burdens of demonstrating that there was actual notice of a FLSA violation, and that Defendant acted with conscious or reckless disregard for its obligations under the FLSA.  Dkt. No. 101 at 11-16.

The Court disagrees with both parties, and finds that neither party is entitled to summary judgment with respect to the statute of limitations.  To reiterate, this Court has stated definitively that "Plaintiff has the burden to bring forth evidence that Defendant's actions concerning the FLSA were willful." *Thomas*, 2014 WL 1405222 at \*14.  This Court determined that the Plaintiff in *Thomas* had not met her burden because she did not bring "forth any evidence that Defendant had any prior violations of the FLSA or that she ever complained to Defendant about overtime or not being compensated for overtime." *Id.*

Here, also, Plaintiffs have not brought forth any evidence that Defendant had any prior violations of the FLSA.  Plaintiffs have, however, brought forth evidence that they complained to Defendant about not being compensated for overtime, and the Plaintiffs argue that this is evidence that Defendant willfully, and recklessly, ignored their complaints.

As an example, Plaintiffs argue that "[u]ltimately, it would appear that no one fought harder to force Defendant to review Plaintiffs' and other supervisors' exemption statuses than Plaintiff Bacon." Dkt. No. 105 at 16.  Plaintiffs outline numerous alleged complaints made by Plaintiff Bacon, and argue that in light of "the numerous and repeated complaints to Defendant . . . a reasonable jury could conclude that Defendant never took these complaints seriously." *Id.* at

18; *see id.* at 16-18 (outlining numerous alleged complaints).  All of the Plaintiffs make similar assertions based on the Plaintiffs' perception of noncompliance. Dkt. No. 105 at 10-16.

However, Defendant explains in detail that they did respond to the complaints by Plaintiffs.  *See* Dkt. No. 107 at 3-4. For example, Defendant argues that Bacon admitted he knew a FLSA review had been conducted twice, and also admitted in his declaration that he met with representatives of Defendant "[a]round May  of 2011" where Defendant's representatives had him "explain [his] FLSA concerns in detail and [they] took notes." *See id.* at 3.[2]

Given this conflicting evidence, the Court finds that there is an issue of fact as to whether the Defendant acted willfully.  The Court will, therefore, **DENY** the motions of both parties with respect to the statute of limitations period.  If this case goes to trial, the jury will have to answer whether the Defendant knew or showed reckless disregard for FLSA violations.  If the jury finds that the Defendant's actions were willful, the jury will apply the three-year statute of limitations. If the jury finds Defendant's actions were not willful; the two-year statute of limitations will be applied by the jury.

**2.  Defendant's Motion for Partial Summary Judgment**

    **a.  Given the Denial of Defendant's Motion for Partial Summary Judgment With Respect to the Statute of Limitations, and that its a Question of Fact for a Jury, the Court will Accordingly Deny Summary Judgment as to Plaintiff Dixon's Claims**

When there is no willful violation on behalf of a Defendant, an action to recover unpaid overtime compensation must be "commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." *See* 29 U.S.C. § 255(a).  Pursuant to the FLSA, an action

---

[2] Defendant further notes that (1) Plaintiffs have testified that they did not know what Defendant did to ensure compliance with the FLSA, *see* Dkt. No. 104 at 22-23, (2) Plaintiffs' declarations are contradicted by their own testimony and documents they authored, *see* Dkt. No. 107 at 8 (citing Contradiction Table), and (3) Plaintiffs' declarations are inadmissible because they are filled with inadmissible evidence. *See* Dkt. No. 107 at 8-12.

is "commenced" on the date the complaint is filed, subject to certain exceptions. 29 U.S.C. § 256. In collective actions such as this one, if an individual claimant does not immediately file written consents to become a plaintiff, the action is considered to be commenced when the written consents are filed and the complaint is filed. *See* 29 U.S.C. § 256(b); *see also Archer v. Sullivan Cnty., Tenn.*, 129 F.3d 1263 (6th Cir. 1997).

"[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.' " *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (quoting *In re Kent Holland Die Casting & Plating, Inc.,* 928 F.2d 1448, 1449 (6th Cir.1991) (cittion omitted) and citing *United States ex rel. Statham Instruments, Inc. v. Western Cas. & Surety Co.,* 359 F.2d 521, 523 (6th. Cir. 1966); *Smart v. Ellis Trucking Co., Inc.,* 580 F.2d 215, 218 (6th. Cir. 1978)).

Here, Defendant argues it is entitled to summary judgment on all claims against Plaintiff Dixon, because all of her claims arose, if at all, longer than two years before she joined the case; and are, thus, barred by the statute of limitations. Defendant cites Plaintiff Dixon's own testimony where she indicated that she is not claiming overtime for 2010 and believes that she was properly classified at that time. *See* Dkt. No. 101 at 17 (citing Dixon Dep. Tr. 110:3-9).

Plaintiffs' do not address Defendant's argument. More importantly, it appears that Plaintiff Dixon is only presenting claims for lost wages during 2009, which did not accrue on or after November 2, 2010: the date of the statute of limitations based on the filing of her complaint. *See* Dkt. No. 49; *see also* Dkt. No. 73-26 at 110:10-19 (where Plaintiff Dixon states that she is claiming additional wages for 2009).

Accordingly, if this Court were applying the two-year statute of limitations, this Court would grant Defendants motion with respect to all claims brought by Plaintiff Dixon. However, given the denial of Defendant's Motion for Summary Judgment with respect to the statute of limitations period, the Court will **DENY** Defendant's Motion to dismiss the claims of Ms. Dixon.

### b. Defendant Has Not Met its Substantial Burden to Preclude Liquidated Damages

Pursuant to the FLSA, "a district court may not exercise its discretionary authority to reduce or eliminate a liquidated damages award unless the employer first sustains its burden of proving that its 'failure to obey the statute was *both* in good faith ***and predicated upon such reasonable grounds*** that it would be unfair to impose upon it more than a compensatory verdict.' " *Arban v. W. Pub. Corp.*, 345 F.3d 390, 408 (6th Cir. 2003) (emphasis added) (citing *Elwell v. Univ. Hosps. Home Care Servs.,* 276 F.3d 832, 840 (6th Cir. 2002)).

The FLSA penalty provisions indicate that employers who violate the FLSA are generally liable for liquidated damages: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee ... affected in the amount of ... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages under FLSA "are compensation, not a penalty or punishment," *Elwell,* 276 F.3d at 840 (internal quotations omitted), and are considered "the norm." *Martin v. Indiana Michigan Power Co.,* 381 F.3d 574, 584 (6th Cir. 2004).

However, the FLSA penalty provisions provide this Court with the discretion not to award liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to [the violation] was in good faith and that [the employer] had reasonable

grounds for believing that [the] act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.

This Court has previously recognized that the employer's burden in this regard is "*substantial* and requires proof that the employer's failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon it more than a compensatory verdict." *Stultz*, 2014 WL 2615407 at 11 (quoting *Elwell,* 276 F.3d at 840 (internal quotations, citations, and brackets omitted)) (emphasis added).   In the absence of such proof on behalf of the employer, this Court "has no power or discretion to reduce an employer's liability for the equivalent of double unpaid wages." *Id.* (quoting *Elwell,* 276 F.3d at 840 (internal quotations, citations, and brackets omitted)).

According to Defendant, liquidated damages are inappropriate because Defendant maintains that Eaton Aeroquip actively investigated Plaintiff Bacon's claims and took reasonable affirmative steps, in good faith, to comply with the FLSA.  Dkt. No. 101 at 20-22.  Plaintiffs argue that on these facts, "a reasonable jury could conclude that Defendant misclassified Plaintiffs as exempt in the absence of good faith."  Dkt. No. 105 at 22.

The Court **DENIES** Defendant's motion with respect to liquidated damages.  Defendant makes a compelling argument that it acted in good faith in classifying the Plaintiffs. Nevertheless, Defendant is required to show that not only that it acted in good faith, but also that any failure to obey the statute would be in good faith and predicated upon such reasonable grounds that it would be unfair to impose liquidated damages.  *Stultz*, 2014 WL 2615407 at *11 (quoting *Elwell,* 276 F.3d at 840 (internal quotations, citations, and brackets omitted)).

Defendant has not met its substantial burden of showing that any failure would be based on reasonable grounds such that it is unfair to impose liquidated damages.  To the contrary,

looking at the evidence in a light most favorable to the non-moving party, the Plaintiffs have established an argument; such that, a reasonable jury could conclude the actions of the Defendant were unreasonable.  Accordingly, this Court would have "no power or discretion to reduce an employer's liability for the equivalent of double unpaid wages." *Id.* (quoting Elwell*,* 276 F.3d at 840 (internal quotations, citations, and brackets omitted)).

## IV. CONCLUSION

For the reasons discussed herein, the Court will **GRANT** in part Plaintiffs' Motion for Partial Summary Judgment with respect to the application of the Fluctuating Work Week, and **DENY** it with respect to the statute of limitations**.** Furthermore, the Court will **DENY** Defendant's Motion for Partial Summary Judgment.

SO ORDERED.

Dated: October 9, 2014

/s/Gershwin A Drain
Hon. Gershwin A. Drain
United States District Court Judge